**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

CHARLES MCGILL,

    Petitioner,

v.

PATRICK GARTLAND,[1]

    Respondent.

CIVIL ACTION NO.: 5:17-cv-128

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Charles McGill ("McGill"), formerly housed at the Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) McGill neither paid the requisite filing fee nor moved to proceed *in forma pauperis*. For the reasons which follow, I **RECOMMEND** that the Court **DISMISS as moot** McGill's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** McGill *in forma pauperis* status on appeal.

## BACKGROUND

McGill filed his Petition in the Middle District of Georgia on September 6, 2017. (Doc. 1.) That court transferred McGill's Petition to this Court on September 22, 2017, as McGill was housed at a facility within this District. (Doc. 4.) In his Petition, McGill asserts he

---

[1] The only proper respondent in a 28 U.S.C. § 2241 petition is the inmate's immediate custodian—the warden of the facility where the inmate is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004). As Patrick Gartland is the Warden of the Folkston ICE Processing Center in Folkston, Georgia, the Court **DIRECTS** the Clerk of Court to change the name of the Respondent to Patrick Gartland upon the docket and record of this case.

is a citizen and native of Liberia who came to the United States in 1992. McGill asserts the Immigration and Naturalization Service, which is now ICE, issued a Notice to Appear dated January 2010 and placed him in deportation proceedings. McGill states he had been detained beyond a "reasonable period of time", which has been determined to presumptively be six months' time.[2] (Doc. 1, p. 3.) McGill requests release from custody pursuant to the United States Supreme Court's decision on Zadvydas v. Davis, 533 U.S. 678 (2001).[3]

On September 22, 2017, the Clerk of Court advised McGill he had not paid the requisite filing fee and sent him blank copies of habeas corpus and *in forma pauperis* forms at his last known address. (Doc. 7.) However, this mailing was returned to the Court with the notation "released" on the envelope. (Doc. 8.) Thus, the Court must determine whether McGill's release from custody at the ICE facility renders his Petition moot and whether his Petition should be dismissed as a result.

## DISCUSSION

### I. Whether McGill's Petition is Moot

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608

---

[2] Under the Immigration and Nationality Act, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. §1231(a)(1)(A). During that period, the Attorney General must detain the alien. 8 U.S.C. §1231(a)(2).

[3] In Zadvydas, the United States Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. 533 U.S. at 701. Thus, once an order of removal becomes final, ICE should make every effort to remove the alien within a reasonable time. Id. The Supreme Court found that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id.

2

F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). With regard to the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

As noted above, McGill has been released from confinement at the Folkston ICE facility. As McGill only requests his release from the custody of ICE in his Petition, and it appears he has been released from ICE's custody, there is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court should **DISMISS as moot** McGill's Petition for Writ of Habeas Corpus.

**II.    Leave to Appeal *in Forma Pauperis***

The Court should also deny McGill leave to appeal *in forma pauperis*. Though McGill has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal

3

is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of McGill's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS as moot** McGill's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** McGill leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon McGill at his last known address.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of October, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA